GAUDIN, Judge.
Petitioner, Johnnie Thorton, instituted this suit against his employer, Landis Construction Company, Inc., and its insurer, Highlands Insurance Company, for workmen’s compensation benefits as a result of an injury sustained on September 30, 1976.
Following a trial before a commissioner of the Civil District Court in Orleans Parish, judgment was rendered giving Mr. Thorton benefits for one week, from October 1 to October 7, 1976.
Only Highlands Insurance Company was cast in judgment as Landis Construction Company was never served with a copy of the petition.
Mr. Thorton appealed, seeking further benefits; and Highlands is also before this court, contending that plaintiff was not entitled to the one week award.
We are of the opinion that the judgment was basically correct and we affirm, with a slight modification.
Mr. Thorton was hurt while handling scaffold boards. Shortly after the accident, he was taken to Dr. Arthur Axelrod, a general surgeon. The initial diagnosis was a strain of abdominal muscles.
Dr. Axelrod or an associate saw Mr. Thorton on October 4, 8 and 11, 1976. On October 4th, and again on October 11th, Mr. Thorton said he was “spitting up blood,” and Dr. Axelrod felt that this *720 was a far more serious problem than any muscle strain . . . ”
By October 11th, Dr. Axelrod was of the opinion that the muscle strain had healed, there being no objective findings. However, Dr. Axelrod advised Mr. Thorton to see his family physician because of the bleeding, as he (Dr. Axelrod) felt that this was neither caused by nor related to the September 30th incident.
On November 3,1976, Dr. Axelrod examined Mr. Thorton again and performed various tests. Dr. Axelrod’s testimony clearly indicated that he felt Mr. Thorton was faking, and it was the doctor’s opinion that Mr. Thorton was “. . . not disabled from work.”
Mr. Thorton was seen finally by Dr. Axel-rod on January 6,1977. There was nothing wrong with Mr. Thorton, Dr. Axelrod stated, and he could return to heavy laboring duties.
Dr. Charles Mary, a specialist in internal medicine and gastroenterology, first examined Mr. Thorton on October 18, 1976, and “. . . diagnosed him as having a strain or rupture of his rectus abdominalis muscle of the lower portion.”
All of the laboratory tests and x-rays were normal, Dr. Mary said, as was the result of an electrocardiogram done the following week when Mr. Thorton complained of pains in his chest.
On November 12, 1976, Dr. Mary said that Mr. Thorton “. . . had developed gastritis from both the pain and the worry over his condition.”
Dr. Mary recommended an orthopedic surgeon on December 28, 1976, when Mr. Thorton’s symptoms persisted. Dr. Mary saw Mr. Thorton for the last time on January 11, 1977, at which time Mr. Thorton, was still complaining.
Dr. Kenneth Adatto performed an orthopedic examination on September 30, 1976, and concluded that Mr. Thorton had “. . .a rectus abdominus pull which is responding slowly to conservative care.” Dr. Adatto’s x-rays were within normal limits, as was his examination of Mr. Thorton’s back.
Dr. Phillip Meyers did a thermographic study of Mr. Thorton’s abdomen on October 29, 1976. The thermograms were normal.
Dr. Ronald Martz, like Dr: Mary a specialist in internal medicine and gastroenter-ology, saw Mr. Thorton on January 6,1977. Dr. Martz stated that Mr. Thorton’s complaints were subjective, and that there were no objective findings compatible with continued strain of the rectus abdominis muscle.
Obviously, the adduced medical evidence was contradictory to a significant degree. In deciding the case as he did, the commissioner apparently relied strongly on Dr. Ax-elrod’s testimony, which was supported by Dr. Meyers’ thermograms and Dr. Martz’s evaluation. There being considerable medical evidence to substantiate the judgment, we cannot say that manifest error was committed.
However, because LSA-R.S. 23:1224 provides that no compensation shall be paid for the first week after injury unless disability continues for six weeks thereafter, the judgment is amended to eliminate benefits for the October 1 to October 7, 1976, period.
Appellant is to pay all costs.

AMENDED AND AFFIRMED.